BONIN, J.,
concurs with reasons.
U respectfully concur in the result which reverses the trial court’s sustaining of the peremptory exception of peremption and remands the case for further proceedings. If the New Home Warranty Act (La. R.S. 9:3141 et seq.) applies to the plaintiffs cause(s) of action, then I agree that the warranty periods in effect as of the warranty commencement date, see La. R.S. 9:3143(7), are controlling and that the thirty-day period following the expiration of the applicable warranty period is per-emptive and not prescriptive, see La. R.S. 9:3146. I write separately, however, to express my reservation about whether the New Home Warranty Act is even applicable.
Based upon the materials before us in the record, this is not a new structure. A hundred-year old warehouse was converted to condominiums for residential use. And the Act itself provides the following definition for “home”:
“Home” means any neiv structure designed and used only for residential use, together with all attached and unattached structures, constructed by the builder whether or not the land was purchased from the builder. Such term includes structures containing multiple family dwellings or residences.
|2La. R.S. 9:3143(3) (emphasis added). Thus, the builder’s warranty under the Act extends only to a “new structure designed and used only for residential use”. See La. R.S. 9:3143(1).
*976 Then, even if the Act were stretched to cover the new construction in this old warehouse, because there is no allegation that the condominium association is the “owner” of the home, I struggle to discern how the condominium association has a cause of action against the builders. Last year, in that regard, a panel of this court explained in its denial of a condominium association’s application for supervisory review that a condominium association “cannot pursue legal remedies under the [Louisiana New Home Warranty Act]” because the warranties are solely between builder and owner and the owner is defined under La. R.S. 9:3146(3) as “the initial purchaser of a home and any of his successors in title, heirs, invitees, or assigns to a home”. Marseilles Homeowners Condominium Assn., Inc. v. Broadmoor, L.L.C., 2010-0524 (La.App. 4 Cir.5/26/10) (unpub.).[1] Because the matter is being remanded to the trial court, where the issue may be noticed on the court’s own and an appropriate remedy fashioned if this condominium association is not an owner under the Act, I see no need to further address the matter on appeal. See La. C.C.P. arts. 927 B and 934.

. The panel consisted of Jones, Lombard and Love, JJ. The application, opposition, and disposition are all available in the office of the Clerk of this Court.